**Cloudfund LLC v Dream Remodel Constr. LLC**

2024 NY Slip Op 32365(U)

July 12, 2024

Supreme Court, Nassau County

Docket Number: Index No. 613158/2023

Judge: Philippe Solages, Jr.

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At Part 33 of the Supreme Court of the State of New York, held in and for the County of Nassau, at the Courthouse at 100 Supreme Court Drive, Mineola, New York on the 10 day of July 2024.

PRESENT:

HON. PHILIPPE SOLAGES, JR.,
ACTING JUSTICE OF SUPREME COURT

------------------------------------------------------------X

CLOUDFUND LLC,

                     Plaintiff,

        -against-

DREAM REMODEL CONSTRUCTION LLC D/B/A
DREAM REMODEL CONSTRUCTION AND ANDREY
JOMACKEY M DA CUNHA,

                     Defendants.

------------------------------------------------------------X

**DECISION & ORDER**

**Index No. 613158/2023**

**The following e-filed documents, listed by NYSCEF document number, were read on these motions:**

**Motion Seq. No. 001: 23, 24, 25, 26, 27, 71, 72, 73, 74, 75, 76, 77, 80, 81**

**Motion Seq. No. 002: 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 64, 65, 66, 67, 68, 69, 70, 82, 83**

**Motion Seq. No. 003: 37, 38, 39, 40, 41, 42, 43, 44, 84**

**Motion Seq. No. 004: 78, 79, 85**

Upon the foregoing papers, plaintiff Cloudfund, LLC ("plaintiff") moves

(Motion Seq. No. 001) for an order (1) pursuant to CPLR 3211(a)(1) and (b)

dismissing the affirmative defenses of defendants Dream Remodel Construction

1

[* 1]

LLC D/B/A Dream Remodel Construction and Andrey Jomackey M Da Cunha (collectively, "defendants"), and (2) pursuant to CPLR 3211(a)(1) and (a)(7), dismissing defendants' counterclaims for failure to state a claim, and based upon documentary evidence and settled law. By a separate motion (Motion Seq. No. 002), plaintiff moves for an order pursuant to CPLR 3212 granting it summary judgment against defendants, jointly and severally, in the amount of $106,200, plus statutory interest from July 18, 2023, and costs and disbursements as taxed by the Court. Defendants oppose both motions.

By separate motion (Motion Seq. No. 003), plaintiff moves for an order pursuant to CPLR 3124 directing defendants' compliance with outstanding discovery obligations or face appropriate sanctions. Defendants oppose and cross-move for an order pursuant to CPLR § 3101 compelling the deposition of plaintiff and its account representative, Nicholas Pugliese (Motion Seq. No. 004). All four motions are decided as follows.

On June 13, 2023, plaintiff entered into an agreement ("the agreement") for the purchase and sale of future receivables with defendant/counterclaim plaintiff Dream Remodel Construction LLC d/b/a Dream Remodel Construction ("Dream Remodel"). Pursuant to the agreement, plaintiff purchased $123,300 of Dream Remodel's future receivables for the sum of $90,000 -- less agreed-upon fees -- with defendant/counterclaim plaintiff Andrey Jomackey M Da Cunha ("Da

2

[* 2]

Cunha") executing a related guaranty agreement. On July 18, 2023, defendants allegedly defaulted on the agreement by blocking plaintiff's access to the account, leaving a balance owed of $106,200.

On August 16, 2023, plaintiff commenced this action by filing a summons and verified complaint, alleging causes of action for breach of contract, breach of guaranty, and attorney's fees.[1] On August 29, 2023, defendants served an answer, asserting 33 affirmative defenses as well as seven counterclaims, alleging common law fraud, intentional misrepresentation, negligent misrepresentation, unjust enrichment, monies had and received, breach of good faith and fair dealing, and breach of fiduciary duty.

### I. Plaintiff's Motion to Dismiss Defendants' Affirmative Defenses and Counterclaims (Motion Seq. No. 001)

Plaintiff now moves to dismiss defendants' affirmative defenses and counterclaims, maintaining that (1) defendants' affirmative defenses are devoid of any factual basis and are refuted by documentary evidence (*see* CPLR 3211[a][1], [b]), and (2) defendants' counterclaims are refuted by documentary evidence, have been rejected by the court as a matter of law, or fail to plead sufficient facts (*see* CPLR 3211[a][1], [7]). In support of its motion, plaintiff submits its complaint, verified by its Authorized Representative, Nicholas Pugliese, as well as

---

[1] Plaintiff has waived its claim for attorney's fees.

INDEX NO. 613158/2023

RECEIVED NYSCEF: 07/12/2024

defendants' answer, a copy of the agreement, and the parties' transaction history. Defendants oppose plaintiff's motion, maintaining that the motion is nothing more than an end-around to test the strength of plaintiff's case and that, in any event, defendants' affirmative defenses and counterclaims are properly pled.

In support of their opposition, defendants submit the affidavit of defendant Da Cunha, Dream Remodel's principal and the guarantor under the contract. Da Cunha avers, among other things, that he was "in desperate need of capital" and that since he was unable to obtain a traditional loan, plaintiff, through its "aggressive sales tactics," "convinced" him that his business would qualify for an advance (Affidavit in Support, ¶ 4 [NYSCEF Doc. No. 73]). Da Cunha states that prior to the instant cash advance, he had entered into another merchant cash advance agreement with plaintiff and advised plaintiff that he had a "problem paying the loan," which had a balance of $23,634.51 (*id.* at ¶ 5). According to Da Cunha, plaintiff refused to reconcile the prior agreement. Instead, Da Cunha was told he could "refi" the previous agreement with the current agreement and that if he "ran into problems, [he] could 'refi' the loan in a few months" (*id.* at ¶ 6). Da Cunha further asserts that "when discussing the transaction, it sounded like a loan from a bank" (*id.* at ¶ 8), and that "plaintiff told me either agree to [the percentage of remitted receivables] or no deal" (*id.* at ¶ 11).

4

To prevail on a motion to dismiss an affirmative defense, the plaintiff is required to show that "a defense is not stated or has no merit" as a matter of law (CPLR 3211[b]). In deciding a motion to dismiss a defense, the Court must afford the defendant "'the benefit of every reasonable intendment of its pleading, which is to be liberally construed'" (*Butler v Catinella*, 58 AD3d 145, 148 [2d Dept 2008], quoting *Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]). "[I]f there is any doubt as to the availability of a defense, it should not be dismissed" (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2d Dept 2008]). "Dismissal may be warranted under CPLR 3211(a)(1) 'if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1998]).

Relatedly, in moving to dismiss a counterclaim pursuant to CPLR 3211(a)(7) for failure to state a cause of action, courts "'must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d at 665, quoting *V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 722 [2d Dept 2013]). In reaching this determination, courts "may freely consider affidavits submitted by the [counterclaim] plaintiff to

5

[* 5]

remedy any defects in the complaint, and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one'" (*Leon v Martinez*, 84 NY2d at 88, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

A counterclaim may also be dismissed as barred by documentary evidence pursuant to CPLR 3211(a)(1). However, dismissal is warranted "only where the documentary evidence utterly refutes" the factual allegations on which the counterclaim is based, "conclusively establishing a defense as a matter of law" (*First Choice Plumbing Corp. v. Miller L. Offs., PLLC*, 164 A.D.3d 756, 84 N.Y.S.3d 171 [2d Dept 2018]). Documentary evidence that is not in admissible form cannot serve as the basis for a motion to dismiss pursuant to CPLR 3211(a)(1) (*see Advanced Global Technology, LLC v Sirius Satellite Radio*, 44 AD3d 317, 318 [1st Dept 2007]).

Defendants' counterclaims, and at least one of their affirmative defenses, are premised upon the assertion that the agreement constituted a usurious loan. In moving to dismiss those counterclaims and the affirmative defense, plaintiff maintains that the documentary evidence in the form of the agreement establishes that the transaction in issue was not a loan and, as such, defendants' counterclaims and affirmative defense must fail. The Court disagrees.

[* 6]

The agreement on which plaintiff relies is not in admissible form, as it is not accompanied by an affidavit from someone with personal knowledge of plaintiff's record-keeping practices (*id.*). In the absence of a proper foundation for the admission of the agreement, plaintiff cannot rely on it to conclusively establish a defense as a matter of law (*id.*; *see also Aurora Loan Services, LLC v Baritz*, 144 AD3d 618, 619-620 [2d Dept 2016]).

Nevertheless, additional grounds exist to dismiss defendants' counterclaims. Defendants' first, second, and third counterclaims, alleging fraud, intentional misrepresentation, and negligent misrepresentation, respectively, are subject to dismissal, as they allege no specific facts and, even as amplified by Da Cunha's affidavit, fail to satisfy the particularity requirements of CPLR 3016(b) (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Defendants' remaining counterclaims asserting unjust enrichment, monies had and received, breach of good faith and fair dealing and breach of a fiduciary duty are not sufficiently pled, as they are either couched in conclusory terms or are devoid of factual support. Moreover, defendants' counterclaim for breach of fiduciary fails to meet the particularity requirements of CPLR 3016(b) (*see Weinstein v CohnReznick, LLP*, 144 AD3d 1140, 1141 [2d Dept 2016]; *Mazzei v Kyriacou*, 98 AD3 1088, 1090 [2d Dept 2012]).

[* 7]

As for defendants' first affirmative defense, alleging a failure to state a cause of action, the Court denies plaintiff's motion to strike this defense. "'[N]o motion by plaintiff lies under CPLR 3211(b) to strike the defense of [failure to state a cause of action], as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim" (*Ochoa v Townsend*, 209 AD3d 867, 868 [2d Dept 2022], quoting *Butler v Catinella*, 58 AD3d at 150).

Defendants' jurisdictional defenses, however, are dismissed (*see* CPLR 3211[b]). Plaintiff is a New York limited liability company with an office in Suffern, New York State (Verified Complaint, ¶ 1 [NYSCEF Doc. No. 25]). Pursuant to the unequivocal terms of their agreement with plaintiff, defendants consented to this Court's jurisdiction (Agreement, p. 10, ¶ 38, p. 11, ¶ 45 [NYSCEF Doc. No. 25]). In the absence of any showing that the clause is "unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching," or that its enforcement would "be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court," the Court concludes that there is no basis to set it aside and that jurisdiction was properly obtained over defendants (*Bernstein v Wysoki*, 77 AD3d 241, 248-249 [2d Dept 2010] [internal quotations and citations omitted]). In addition, plaintiff's affidavits of service are prima facie proof of proper service, and Da Cunha's affidavit raises no issue of fact to rebut such service (*Bank of New York v Dutan*,

8

200 AD3d 636, 637 [2d Dept 2021]). Indeed, defendants assert no arguments in their opposition to plaintiff's motion to dismiss these defenses. Accordingly, defendants' eleventh and twenty-fifth affirmative defenses are dismissed.

As for defendants' remaining affirmative defenses, the Court concludes that plaintiff has demonstrated that these defenses are either without merit, conclusory or without factual foundation, and defendants raise no issue of fact in opposition (*see Katz v Miller*, 120 AD3d 768, 769-770 [2d Dept 2014]; *Firemen's Fund Ins. Co. v Farrell*, 57 AD3d at 723).

To the extent defendants request an opportunity to replead, the Court denies that request in the absence of a motion for leave to serve an amended answer, along with submission of a proposed amended answer as required by CPLR 3025(b).

## II.    *Plaintiff's Motion for Summary Judgment (Motion Seq. No. 002)*

As to plaintiff's motion for summary judgment, when seeking such relief, the moving party bears the initial burden of demonstrating prima facie entitlement to judgment as a matter of law by proffering proof, in admissible form, which establishes the absence of material issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Once the proponent of the motion establishes a prima facie showing, the burden shifts to the opposing party to come forth with admissible proof to establish triable issues of fact, the existence of which precludes

summary judgment and necessitates a trial of the action (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]). However, with respect to the submissions of the proponent and opponent alike, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d at 562).

As noted, plaintiff asserts causes of action premised upon breach of the agreement and the guaranty. To establish a claim for breach of contract, plaintiff must demonstrate "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (*Dee v Rakower*, 112 AD3d 204, 208-209 [2d Dept 2013]). As to a cause of action for breach of a guaranty, a moving party establishes its entitlement to summary judgment by providing proof of the underlying agreement and signed guaranty, coupled with evidence of the defendant's default (*N. Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676, 676 [2d Dept 2007]).

Here, plaintiff has established its entitlement to judgment as a matter of law by submitting a copy of the fully executed agreement and related guaranty, evidence of its performance under the former, together with proof of defendant Dream Remodel's breach and resulting damages (*id.*; *Dee v Rakower*, 112 AD3d at 208-209). Specifically, plaintiff provides the affidavit of Nicholas Pugliese

10

[* 10]

("Pugliese"), plaintiff's authorized account representative who was personally involved in the underwriting and servicing of the transaction, and the exhibits annexed thereto, which establish plaintiff's performance under the agreement. Plaintiff's submissions further establish Dream Remodel's breach of the agreement by blocking access to the account from which plaintiff was authorized to deduct purchased receivables. To the extent defendants allege that they were unable to reconcile the agreement, Pugliese avers that plaintiff never received any reconciliation requests from defendants as required under the agreement (Agreement, at ¶ 1.1 [NYSCEF Doc. No. 52).

Defendants' submissions in opposition fail to create a triable issue of fact. As an initial matter, contrary to defendants' claim, the Pugliese affidavit properly lays a foundation for the admissibility of plaintiff's records submitted in support of its motion. Insofar as Da Cunha asserts that plaintiff refused to reconcile with defendants, his assertion relates to the previous agreement, which is not the subject of this action. In any event, Da Cunha does not state that he made a written request for reconciliation in the manner set forth in the agreement.

Defendants' argument that the agreement at issue is a usurious, unenforceable loan is unavailing. "The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*LG Funding, LLC v*

11

*United Senior Properties of Olathe, LLC,* 181 AD3d at 665). In ascertaining whether a particular transaction is a loan, courts are required to examine whether a plaintiff "'is absolutely entitled to repayment under all circumstances'" (*id.* at 665 quoting *K9 Bytes, Inc. v Arch Capital Funding, LLC,* 56 Misc 3d 807, 816 [Sup Ct, Westchester County 2017]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*id.* at 666). In determining whether repayment of an obligation is either absolute or contingent, courts typically weigh the following three factors: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.* at 666). Where the agreement in issue contains a mandatory reconciliation provision, an indefinite term, as well as limited recourse in the event of a merchant's bankruptcy, the transaction is not considered to be a loan (*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022]).

Here, the terms of the agreement do not provide for absolute repayment. To the contrary, the agreement affords defendant Dream Remodel the right to request a retroactive reconciliation and to modify the amount of the remittance that it is obligated to deliver to plaintiff (Agreement, at ¶¶ 10, 12 [NYSCEF Doc. No. 52]). Moreover, the agreement has "no time period during which the Purchased Amount must be collected," and provides that Dream Model "shall be excused from

performing its obligations under this Agreement in the event of ...bankruptcy" (Agreement, ¶14[a] and [b] [NYSCEF Doc. No. 52]). Indeed, plaintiff, as the purchaser, enters into the agreement "knowing the risks that [defendant's] business may slow down or fail" (Agreement, ¶ 14[b] [NYSCEF Doc. No. 52]). Thus, as the agreement is not a loan, defendants' argument that it is unenforceable is without merit (*see Principis Capital, LLC v I Do, Inc.*, 201 AD3d at 754). To the extent defendants maintain that additional discovery is required and that the instant summary judgment motion is premature, they have failed to identify what evidence or facts "were exclusively within the knowledge and control" of plaintiff or its assignor (*MVB Collision, Inc. v Progressive Ins. Co.*, 129 AD3d 1040, 1041 [2d Dept 2015]).

Based upon the foregoing, it is hereby

**ORDERED**, that plaintiff's motion (Motion Seq. No. 001) for an order pursuant to CPLR 3211(a)(1) and (7) dismissing defendants' counterclaims and pursuant to CPLR 3211(b) dismissing defendants' affirmative defenses is GRANTED TO THE EXTENT that all of defendants' counterclaims are dismissed and that defendants' second through thirty-third affirmative defenses are dismissed, and the motion is otherwise DENIED, and it is further

**ORDERED**, that plaintiff's motion (Motion Seq. No. 002) for summary judgment pursuant to CPLR 3212 is GRANTED and defendants' first affirmative

13

[* 13]

INDEX NO. 613158/2023
RECEIVED NYSCEF: 07/12/2024

defense is dismissed insofar as plaintiff is entitled to judgment as a matter of law against defendants, jointly and severally, on its claims for breach of contract and breach of guaranty in the amount of $106,200, together with statutory interest from July 18, 2023, and costs and disbursements as taxed by the Court upon submission of an appropriate bill of costs, and it is further

**ORDERED**, that plaintiff's motion for an order directing defendants' compliance with outstanding discovery (Motion Seq. No. 003), and defendants' cross-motion for an order pursuant to CPLR § 3101 compelling the deposition of plaintiff and its account representative, Nicholas Pugliese (Motion Seq. No. 004), are DENIED as academic.

Anything not specifically granted herein is denied.

This shall constitute the Decision and Order of the Court.

Settle judgment on notice.

ENTER:

HON. PHILIPPE SOLAGES, JR.
A.J.S.C.

[* 14]